# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

JOSHUA HATCH #2571760
    Plaintiff                                     *

        v                                                *            Civil Action No. CCB-11-605

FREDERICK H. BEALEFELD III, et al.      *
    Defendants
                                                              ***

## MEMORANDUM

The above-captioned case is the fourth complaint plaintiff has filed in the past three months, all stemming from his recent arrest. Three of those actions have been resolved. *See Hatch v. France*, No. 10-3509 (D. Md. filed Dec. 15, 2010); *Hatch v. France*, No. 11-27 (D. Md. filed Jan. 3, 2011); and *Hatch v. Murdock*, No. 11-539 (D. Md. filed Feb. 28, 2011). The court now turns its attention to this 42 U.S.C. § 1983 civil rights action, opening it for preliminary review.

Joshua Hatch seeks money damages and declaratory and injunctive relief. Hatch is held at the Baltimore City Detention Center awaiting trial in the Circuit Court for Baltimore City on multiple charges, including armed robbery, kidnapping, and impersonating a police officer, filed in conjunction with his July 10, 2010 arrest.[1] Hatch's complaint sets forth two separate and distinct sets of allegations. He first alleges that the arresting officers used excessive force during his arrest and kept him tightly handcuffed for two hours thereafter. He then alleges the arrest itself is improper due to the wrongful seizure of evidence and police techniques used to elicit information from him. Hatch further complains that top police officials, including the Commissioner, the District Commander, the Director of the Internal Affairs Division (IAD), and

---

1 *See* http://casesearch.courts.state.md.us/inquiry/inquirySearch.jis

a lieutenant in IAD have failed to fully and timely respond to his charges of police misconduct concerning his arrest.[2]

Plaintiff's claims concerning the basis for his arrest, the seizure of evidence, and the use of police interrogation techniques are inextricably interwoven with the constitutionality of his criminal charges and conviction. Under *Heck v. Humphrey*, 512 U.S. 477 (1994), a § 1983 claimant cannot recover damages for harms caused by actions whose unlawfulness would render a conviction or sentence invalid unless he first proves that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See Heck*, 512 U.S. at 486-87. Although the decision in *Heck* concerned a conviction, its rationale is also applicable to pre-trial detainees. *See Nelson v. Murphy*, 44 F.3d 497, 502 (7th Cir. 1995). Consequently, this portion of his § 1983 complaint will be dismissed without prejudice.

Hatch's allegations concerning the degree of force used at time of arrest and the improper use of handcuffs are not barred by *Heck*, but also will be dismissed. Hatch complains that both defendant Jones and defendant McDonnell made "[i]nappropriate comments" and drew their weapons to effectuate his arrest. Compl. at 2, ECF No. 1. Hatch also complains that McDonnell "placed his foot on my upper back then to cuff me he placed his knee within my upper back," and stayed in that position for several minutes because he knew his weight caused Hatch discomfort and made it hard for him to breathe. *Id.* Such allegations do not suggest excessive

---

[2] Hatch provides evidence that his complaints concerning his arrest made to police officials were referred to IAD for investigation. He seems to take issue with the pace of the investigation and the investigators' failure to follow up with promised paperwork. This information, without more, provides no basis for a civil rights action and will be dismissed.

force, nor do they evince actual injury, a requirement under § 1983. *See Graham v. Connor*, 490 U.S. 386, 396-97 (1989).

Hatch also states that once transported to the police station his request to use the bathroom was delayed and he "remained handcuffed with the cuffs behind m[y] back for <u>more than</u> two hours . . . creat[ing] a discomfort that at times caused me to feel as though I would pass out." Compl. at 2-3, ECF No. 1 (emphasis in original). He claims he still has cuff imprints and permanent scars caused by the handcuffs. While this allegation might give rise to an Eighth or Fourteenth Amendment violation, Hatch fails to identify which officers were aware of his discomfort and failed to act.[3]

For the aforementioned reasons, this action shall be placed on the active dockets. All claims shall be dismissed with prejudice, except the last claim, which is dismissed without prejudice. A separate order follows.

<u>May 20, 2011</u>  /s/
Date  Catherine C. Blake
  United States District Judge

---

[3] Hatch is free to correct this deficiency by submitting a new civil rights action, using court-provided forms, including an indigency affidavit. Such action should include the name(s) of the appropriate defendants and should be limited in scope to include only information relevant to this specific claim.